# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SHEILA MARIE AGBODJI and AYIOKOE HALE EDEM AGBODJI, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:23-cv-246 |
| PAMELA BONDI, United States Attorney General, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and the UNITED STATES OF AMERICA, | § § § § § § § § | Judge Mazzant |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss (Dkt. #6). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

This is an immigration dispute involving the denial of a Form I-130 Petition seeking to have Ayiokoe Hale Edem Agbodji classified as the spouse of a United States citizen so that he may hold a visa. On review of Plaintiffs' I-130, the United States Citizenship and Immigration Services ("USCIS") denied the Petition based on Mr. Agbodji's prior marriage to Carmeal Finley ("Finley") (Dkt. #1 at pp. 9–11). Following the administrative appeal, this litigation followed.

### I.   Factual History

Ayiokoe Hale Edem Agbodji ("Mr. Agbodji") is a citizen of the Togolese Republic (Dkt. #1 at ¶ 2). He resides in Texas with his current wife, Sheila Marie Agbodji ("Mrs. Agbodji"), a United States citizen (Dkt. #1 at ¶ 2). Mrs. Agbodji filed a Form I-130 Petition to have Mr. Agbodji classified as a spouse of a U.S. citizen, thereby providing him with a visa (Dkt. #1 at ¶ 12). However,

during USCIS investigation, the agency denied Plaintiffs' I-130 Petition because of prior statements made by Finley, Mr. Agbodji's former wife (Dkt. #1 at pp. 6–12).

As part of their marriage, Finley filed an I-130 Petition (the "Finley I-130") with USCIS to have Mr. Agbodji classified as the spouse of a U.S. citizen, thereby providing him with a visa (Dkt. #1 at p. 6). During the interview process, however, Finley voluntarily withdrew the Petition and stated that they married each other to evade immigration law, to provide Mr. Agbodji with a green card, and that neither of them loved each other (Dkt. #1 at p. 9). In reliance on Finley's statements and her withdrawal of the Finley I-130, USCIS determined that Mr. Agbodji had engaged in marriage fraud (Dkt. #1 at pp. 9–10). Upon determining that Mr. Agbodji had previously engaged in a fraudulent marriage, USCIS applied 8 U.S.C. § 1154(c) to determine the outcome of the current I-130 Petition, related to the Agbodji marriage (the "Agbodji I-130") (Dkt. #1 at pp. 9–11). §1154(c) provides that:

> Notwithstanding the provisions of subsection (b) no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

Accordingly, USCIS denied the Agbodji I-130 Petition. (Dkt. #1 at p. 11).

## II.    Procedural History

After USCIS denied the Agbodji I-130, Plaintiffs appealed to the Board of Immigration Appeals ("BIA") (Dkt. #1 at ¶ 14). On a *de novo* review, the BIA affirmed USCIS's denial of the Agbodji I-130 Petition (Dkt. #1 at pp. 14–16). The BIA decision also rested on the determination that Mr. Agbodji's prior marriage to Finley was fraudulent, and approval was prohibited based on

2

8 U.S.C. § 1154(c). Relying on § 1154, the BIA held that the evidence established that "it is 'more than probably true' that the beneficiary's prior marriage was fraudulent," and denied the application for visa (Dkt. #1 at p. 16) (citing *Matter of P. Singh*, 27 I. & N. Dec., 598, 607 (BIA 2019)).

In response to USCIS's denial and the BIA affirmation on appeal, Plaintiffs filed an Original Complaint seeking review of a final agency decision pursuant to the Court's jurisdiction under the Administrative Procedures Act ("APA") (Dkt. #1 at ¶ 8). Plaintiffs argue that USCIS's denial of the Agbodji I-130 "violates the governing statutes and regulations, is arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, and is not in accordance with the law" (Dkt. #1 at ¶ 20). Defendants filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted (Dkt. #6). Defendants' jurisdictional attack rests on the notion that Mr. Agbodji's fraudulent marriage with Finley categorically bars USCIS from granting the Agbodji I-130 Petition (Dkt. #6 at p. 5). Thus, they contend that Plaintiffs' claim should be dismissed as insubstantial and frivolous under 12(b)(1) (Dkt. #6 at p. 5). Defendants also attack the pleadings and argue that Plaintiffs' Complaint fails to state a claim because it lacks specific factual details relating to how Defendants' decisions manifest any error (Dkt. #6 at pp. 6-8).

## LEGAL STANDARD

### I.   12(b)(1) Lack of subject matter jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider

the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## II.    12(b)(6) Failure to state a claim upon which relief can be granted

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City*

*of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

5

## ANALYSIS

**I.     The Court has subject matter jurisdiction.**

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof," unless a "statute[] preclude[s] judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a); 702. Whether the APA's grant of jurisdiction exists depends on the characterization of the agency's action as discretionary or non-discretionary. *See Ayanbadejo v. Chertoff*, 517 F.3d 273, 277–78 (5th Cir. 2008) (per curiam) (discussing the difference between a discretionary denial of an I-485 application and a non-discretionary denial of an I-130 petition).

If the actions of USCIS are considered discretionary functions, the Court lacks jurisdiction over the pending matter. *Id.* at 276. In contrast, if the actions of USCIS are classified as non-discretionary, the Court may exercise jurisdiction. *Id.* Under binding Fifth Circuit precedent, the denial of an I-130 petition is viewed as a non-discretionary function. *Id.* at 278. Therefore, this Court may review the denial. *Id.* Defendants do not challenge that the denial of the I-130 is non-discretionary. Thus, under *Ayanbadejo*, the Court has subject matter jurisdiction to review Defendants' denial of the I-130 because it is a non-discretionary, final agency decision.[1] *See id.*

A district court may dismiss a claim for want of jurisdiction if the claim is "wholly insubstantial and frivolous" or if the claim "clearly appears to be immaterial and made solely for

---

[1] In certain appeals from an agency decision to the district court, the plaintiff must exhaust all available administrative remedies to make the agency's decision final. *See Gonzalez v. Mayorkas*, No. 7:21-CV-417, 2025 WL 209426, at *5 (S.D. Tex. Jan. 7, 2025). However, an appeal to a superior agency authority is only a prerequisite to judicial review when required by a statute. *Id.* (citing *Darby v. Cisneros*, 509 U.S. 137, 154 (1993)). An appeal of an I-130 Petition is governed by 8 C.F.R. § 103.3(a)(1)(ii), which provides that unfavorable decisions on applications, petitions, and other types of cases *may* be appealed to the BIA. *Id.* The use of "may" rather than "shall" denotes the optional decision to appeal to the BIA and not a mandatory requirement to do so. *Id.*; *see e.g.*, *Maine Cmty. Health options v. U.S.*, 590 U.S. 296, 310 (2020); *Whatley v. Resol. Tr.*, 32 F.3d 905, 909 (5th Cir. 1994). Here, Plaintiffs appealed to the BIA and exhausted their administrative remedies, thus rendering the agency's decision final (Dkt. #1 at pp. 14–16).

the purpose of obtaining jurisdiction." *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 824 (S.D. Tex. 2008). A claim is insubstantial, frivolous, or immaterial when it is obviously without merit or because its unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject. *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 341–42 (5th Cir. 1977). One might call this the "Substantiality" requirement. In determining Substantiality, the question is "whether there is any legal substance to the position the plaintiff is representing." *Id.* at 342 (citing 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3564, at 426 (1st. ed., 1975)). Defendants' motion argues that Plaintiffs' Complaint fails this standard. Specifically, Defendants argue that Plaintiffs' claims are insubstantial because § 1154 required Defendants to deny Agbodji I-130 due to their determination that Mr. Agbodji engaged in marriage fraud in the Finley Marriage. (Dkt. #6 at pp. 5–6).

Defendants seek to justify the denial of the Agbodji I-130 Petition because Mr. Agbodji's prior marriage was fraudulent and, consequently § 1154(c) prohibits all approvals of subsequent Petitions once either spouse has been found to have committed, attempted to commit, or conspired to commit marriage fraud (Dkt. #6 at pp. 5–6) (*see also* 8 U.S.C. § 1154(c)). Defendants argue that because Mr. Agbodji's prior marriage was fraudulent, § 1154(c) bars the approval of any subsequent I-130 Petition and the Agbodji I-130 must be denied (Dkt. #6 at pp. 5–8). Looking at the face of the Complaint and its attachments, it is clear that Plaintiffs challenge the agency's denial of the Agbodji I-130 based on the withdrawn Finley I-130 and allegation of a prior fraudulent marriage (Dkt. #1). In their view, the Finley I-130 was wrongfully denied and, therefore, cannot form the basis of the Agbodji I-130 denial (Dkt. #7 at pp. 2–5). Thus, Plaintiffs have a substantial

legal position, and the Court has subject matter jurisdiction under the authority granted by the APA to consider the denial of the Agbodji I-130.

In sum, Defendants argue that the Court lacks subject matter jurisdiction because the denial of the Agbodji I-130 Petition is required by law under § 1154(c) (Dkt. #6 at pp. 5–6). According to Defendants, the statute requiring the denial renders Plaintiffs' claims insubstantial and frivolous, thus divesting the Court of its subject matter jurisdiction to review the BIA's decision (Dkt. #6 at p. 6). Defendants' arguments are neither persuasive, nor correct. If Defendants were correct, then no court could ever review a denial of a I-130 Petition based on § 1154(c). Therefore, the Court denies Defendants' 12(b)(1) Motion to Dismiss.

## II. Plaintiffs' Original Complaint states a claim upon which relief can be granted.

The Court next turns to Defendants' 12(b)(6) attack. In order to state a claim upon which relief can be granted under the APA, a plaintiff must plausibly allege that the agency acted contrary to law. *See Fort Bend Cnty. v. U.S. Army Corps of Eng'rs*, 59 F.4th 180, 195 (5th Cir. 2023). An agency acts contrary to law if it relies on "factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the produce of agency expertise." *Sierra Club v. U.S. Env't Prot. Agency*, 939 F.3d 649, 664 (5th Cir. 2019).

Here, Plaintiffs argue that the BIA's denial of the Agbodji I-130 "violates the governing statutes and regulations, is arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, and is not in accordance with the law" (Dkt. #1 ¶20; Dkt. #6 at pp. 6–7). Defendants correctly point out that Plaintiffs' Complaint does not articulate what defect or action the agency took in violation of any statute or regulation (Dkt. #6 at pp. 6–8). It also does not explain

8

how USCIS's and the BIA's decision was arbitrary and capricious or how that decision was an abuse of discretion (Dkt. #6 at pp. 6–8). Finally, it does not identify what evidence was relied on and why that evidence was not substantial, and how the decision was inconsistent with the law (Dkt. #6 at pp. 6–8).

After reviewing the attached exhibits, USCIS decision states a list of facts and concludes that Finley's statement was enough to prove marriage fraud, that § 1154(c) applies to the Agbodji I-130, and that the prior fraud prohibits Mr. Agbodji from ever receiving approval under § 1154 (Dkt. #1 at pp. 6–12). Specifically, both USCIS's decision and the BIA's decision rely on 8 U.S.C. § 1154(c) to justify the denial (Dkt. #1 at pp. 6–16). That makes sense because § 1154(c) prohibits the approval of any petition under § 1154 if the alien was found by the Attorney General to have committed marriage fraud, attempted to commit marriage fraud, or conspired to commit marriage fraud. Both USCIS and the BIA support the denial of the Agbodji I-130 on § 1154(c)'s prohibition against approving any petition predicated on a prior fraudulent marriage (Dkt. #1 at pp. 6–12, 14–16). Plaintiffs did not address this basis for denial in their Complaint, much less discuss how the decision relates to its claims of a violation (*See* Dkt. #1 at pp. 3–4).

Regardless of the shortcomings in the Plaintiffs' Complaint, the question is whether Plaintiffs sufficiently pleaded that Defendants acted contrary to law to support a claim upon which relief can be granted. *See Gonzalez v. Mayorkas*, No. 7:21-CV-417, 2025 WL 209426, at *8 (S.D. Tex. Jan. 7, 2025) (finding that cursory allegations of agency wrongdoing were narrowly sufficient to state a claim upon which relief could be granted). It is clear from the pleadings and accompanying exhibits that Defendants' denial of the Agbodji I-130 was premised on the notion that Mr. Agbodji's prior marriage was fraudulent (*See* Dkt. #1 at pp. 3–4, 6–12, 14–16). Insofar as Plaintiffs

9

challenge the denial of the Agbodji I-130 on the application of the statute to a proven fraudulent marriage, their arguments would fail due to § 1154(c)'s strict "one strike and you're out prohibition." *See id.* at *7–8; *see also Mangwiro v. Johnson*, 554 F. App'x 255, 259 (5th Cir. 2014); *Mestanek v. Jaddou*, 93 F.4th 164, 167 (4th Cir. 2024) (determining that § 1154(c) "applies not only to a petition predicated on a fraudulent marriage, but also to any future petitions filed on behalf of the same beneficiary, regardless of merit"); *Iyawe v. Garland*, 28 F.4th 875, 879 (8th Cir. 2022) (explaining that Section 1154(c) "bars approval of an I-130 petition if the noncitizen previously sought immigration benefits through a fraudulent marriage or attempted or conspired to do so, *even if the current marriage is bona fide* or if the noncitizen was never prosecuted for the past conduct") (emphasis added); *Thawatchai Foythong v. Holder*, 743 F.3d 1051, 1053 (6th Cir. 2014) ("The statute imposes a one-strike rule, meaning that, after one prior finding of a sham marriage, the immigration authorities *must* reject all future efforts at an adjustment of status based on marital status.") (emphasis added).

Yet, despite the strict application of § 1154(c), a plaintiff can still assert a viable claim upon which relief can be granted so long as he sufficiently challenges the agency's determination of the underlying fraudulent marriage. *Gonzalez*, 2025 WL 209426, at *8. Here, Plaintiffs' Complaint, standing alone without the attached exhibits, would likely fail the plausibility standard required by Rule 12(b)(6). Its factual discussion is brief and its claims for relief are conclusory. However, Plaintiffs are seeking an appellate review of Defendants' denial of the Agbodji I-130 based on the determination of marriage fraud in the Finley Marriage. By seeking the Court's review of the BIA's decision, Plaintiffs' have stated a plausible claim under the APA by attaching the agency decisions and claiming that the decisions were "arbitrary and capricious" and "unsupported by substantial

evidence." In essence, Plaintiffs are asking this Court to review the BIA's decision for a lack of supporting evidence (*See* Dkt. #1 at ¶ 20, pp. 6–12, 14–16).  The BIA justified its decision on the notion that Mr. Agbodji's first marriage was fraudulent and the application of § 1154(c) prohibits approval of the Agbodji I-130. Consequently, if Plaintiffs can actually demonstrate that USCIS and BIA decisions were not based on substantial evidence, Plaintiffs could plausibly prevail. As a result, the Court concludes that Plaintiffs have alleged a viable cause of action to survive the 12(b)(6) motion to dismiss. Therefore, the Court denies Defendants' 12(b)(6) Motion to Dismiss (Dkt. #6).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #6) is hereby **DENIED**.

    **IT IS SO ORDERED.**

    **SIGNED this 19th day of March, 2025.**

AMOS L. MAZZANT  
UNITED STATES DISTRICT JUDGE