# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| SHEILA MARIE AGBODJI and AYIOKOE HALE EDEM AGBODJI, § § § § *Plaintiffs*, § § v. § § PAMELA BONDI, United States Attorney § General, UNITED STATES § CITIZENSHIP AND IMMIGRATION § SERVICES, and the UNITED STATES § OF AMERICA, § § *Defendants*. § | Civil Action No. 4:23-cv-246 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Summary Judgment (Dkt. #16) and Defendants' Cross-Motion for Summary Judgment (Dkt. #21). Having considered the Motions, the relevant pleadings, and the applicable law, the Court finds that Plaintiffs' Motion for Summary Judgment (Dkt. #16) should be **GRANTED** and Defendants' Motion for Summary Judgment (Dkt. #21) should be **DENIED**.

## BACKGROUND

### I.   Factual Background

This is an immigration dispute involving the denial of a Form I-130 Petition for Alien Relative seeking to have Ayiokoe Hale Edem Agbodji ("Mr. Agbodji") classified as the spouse of a United States citizen. On review of Plaintiffs' I-130, United States Citizenship and Immigration Services ("USCIS") denied the Petition because it concluded that Mr. Agbodji's prior marriage

to Carmeal Finley ("Finley") was fraudulent (Dkt. #13 at pp. 6–12).[1] The facts of this case are laid out in the Court's Order on Defendants' Motion to Dismiss, which the Court incorporates here by reference. The only issue before the Court is whether the Board of Immigration Appeals' (the "BIA") determination of marriage fraud in the Finley-Agbodji marriage (the "Finley Marriage") is supported by substantial evidence (Dkt. #13 at pp. 3–5).[2]

## II.    Procedural Background

On August 18, 2023, Plaintiffs filed a Motion for Summary Judgment, claiming that they are entitled to judgment as a matter of law for two reasons (Dkt. #16). First, Plaintiffs argue that the government did not satisfy its burden of demonstrating that Mr. Agbodji and Finley married to evade immigration laws (Dkt. #16 at p. 15). According to Plaintiffs, USCIS wrongly based its finding of marriage fraud on an undocumented interview with Finley (Dkt. #16 at pp. 16–17) Further, they assert that USCIS disregarded evidence that the Finley Marriage was a bona fide marriage (Dkt. #16 at pp. 16–17).  In support, Plaintiffs question the reliability of Finley's written statement that the marriage was fraudulent because Finley is schizophrenic and her family members described her relationship with Mr. Agbodji as genuine (Dkt. #16 at pp. 16–17). Plaintiffs contend that Finley's undocumented and unreliable statement alone does not constitute substantial evidence of an intent to commit marriage fraud at the outset of the marriage (Dkt. #16 at p. 18). Finally, Plaintiffs fault USCIS for failing to follow the proper procedure in Finley's

---

[1] Dkt. #13 is the Certified Administrative Record containing USCIS's decision, the Board of Immigration Appeals' decision, and the supporting evidentiary documents.

[2] While USCIS's decision also determined that the current marriage between Plaintiffs is not a bona fide marriage, the BIA did not review that finding. Instead, the BIA only discussed the determination that the Finley Marriage was fraudulent (Dkt. #13 at pp. 4–5). Thus, the Court will only review the stated grounds for the BIA's affirmance of USCIS's decision.

2

interview because the officer conducting Finley's interview did not do so in narrative or question-and-answer format (Dkt. #16 at pp. 18–19).

Second, Plaintiffs attack the BIA's decision as arbitrary, capricious, an abuse of discretion, and contrary to law (Dkt. #16 at p. 19). In support, Plaintiffs submit that the BIA erred in five ways:

1. It affirmed USCIS without making any independent finding;
2. It never articulated why the testimony of Finley's family was insufficient to support a finding of a good faith marriage;
3. It did not address that Finley's statement was not taken in accordance with USCIS procedure and was not made under oath;
4. It assumed Finley's medicated state in prison was the same as her unmedicated state during USCIS interview; and
5. It did not address that the medical record that states Finley's condition gets worse under stress

(Dkt. #16 at pp. 19–20).

On October 10, 2023, Defendants filed a Cross-Motion for Summary Judgment but do little to address Plaintiffs' arguments (Dkt. #21). Instead, Defendants argue that the BIA did not err in its decision because it considered all the evidence and expressly articulated that Finley's statement was dispositive proof of marriage fraud (Dkt. #21 at p. 11). Defendants rest this argument on their claim that the record before the BIA included Finley's written, sworn statement that she married Mr. Agbodji to provide him with a green card and that they did not love each other (Dkt. #21 at p. 11).[3] Defendants argue that the BIA fully considered the evidence and determined that the Finley Marriage was fraudulent on substantial evidence and should be affirmed (Dkt. #16 at pp. 11–13).

---

[3] Defendants offer no citation to the record to support their belief that Finley's statement was sworn (*See* Dkt. #21 at p. 11). The Court notes that the withdrawal document does not purport to be made under oath and that no document in the Administrative Record suggests the statement was sworn (Dkt. #13 at p. 710). The only documents that purport to suggest that Finley's statement was made under oath are (i) the letter from USCIS to Finley, (ii) USCIS's decision, (iii) the BIA's decision, and (iv) Defendants' own pleadings (Dkt. #13 at pp. 2–11, 709; Dkt. #21 at p. 11). Outside of these documents, there are no other recorded statements from Finley, much less any statement made under oath.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Cases challenging an agency decision under the Administrative Procedures Act ("APA") "are often resolved at summary judgment because whether an agency's decision is arbitrary and capricious is a legal question that the court can usually resolve on the agency record." *Armin v. Mayorkas*, 24 F.4th 383, 391 (5th Cir. 2022); *see also Gulf Restoration Network v. U.S. Dep't of Transp.*, 452 F.3d 362, 368 (5th Cir. 2006) (noting that the district court functions as "a reviewing court" exercising a "narrowly defined duty of holding agencies to certain minimal standards of rationality"); *Univ. Med. Ctr. of S. Nev. v. Shalala*, 173 F.3d 438, 441 n.3 (D.C. Cir. 1999) (explaining that in challenges under the APA, the district court "sits as an appellate tribunal" resolving, based on the agency record, whether the agency acted in an arbitrary and capricious manner). In reviewing an agency's decision, the court considers whether the action is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Brown v. Napolitano*, 391 F. App'x 346, 349 (5th Cir. 2010). An agency's action is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Tex. Oil & Gas Ass'n v. U.S. E.P.A.*, 161 F.3d 923, 933 (5th Cir. 1998) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins.*, 463 U.S. 29, 43 (1983)).

Under the APA, a district court may review the denial of an I-130 Petition based on a determination that one of the spouses is currently engaged in, or previously engaged in, marriage fraud. *See Ayanbadejo v. Chertoff*, 517 F.3d 273, 277–78 (5th Cir. 2008) (per curiam). In reviewing the decision, the court applies a deferential review, not weighing the evidence, but instead reviewing the agency's findings to determine if substantial evidence supports them. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). The APA mandates that agency actions, findings, and conclusions must be set aside when they are unsupported by substantial evidence. *Brown*, 391 F. App'x at 349–50 (citing 5 U.S.C. § 706(2)(E)). In the context of marriage fraud, substantial evidence sets the burden of proof at a level higher than a preponderance of the evidence and closer to clear and convincing evidence. *Matter of P. Singh*, 27 I. & N. Dec. 598, 607 (BIA 2019). In other words, it must be more than probably true that the marriage is fraudulent. *Id.* In reviewing the denial of an I-130 Petition, the decision of the BIA is the sole basis for review, but the court will review USCIS's decision to the extent that it influenced the BIA. *See Vazquez v. Sessions*, 885 F.3d 862, 870 (5th Cir. 2018); *see also Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).

To prevail on its APA challenge, the plaintiff must demonstrate that the agency's finding was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Id.* The plaintiff must show "not only that the evidence supports a contrary decision, but . . . that the evidence *compels* it." *Id.* (emphasis in original). Further, while the court affords some deference to an agency's decision, the court can "disregard the agency's finding when it ignores relevant evidence without explaining and justifying its decision to do so." *N.L.R.B. v. E-Sys., Inc., Garland Div.*, 103 F.3d 435, 439 (5th Cir. 1997).

Evidence of a fraudulent marriage cannot hinge on statements made after the marriage. *Brown*, 391 F. App'x at 350. Rather, the inquiry of marriage validity depends on the parties' intent at the time of marriage—whether they intended to establish a life together at the time of marriage or whether the primary purpose of the marriage was to circumvent immigration laws. *Id.* To determine intent, the agency may consider a variety of factors, including: proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, bank accounts, testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences. *Id.* (citing *Matter of Laureano*, 19 I. & N. Dec. 1, 2 (BIA 1983)). USCIS is permitted to consider conduct after the marriage only to the extent that it bears upon the parties' subjective state of mind at the time they were married. *Id.* (citing *Bark v. Immigr. and Naturalization Serv.*, 511 F.2d 1200, 1202 (9th Cir. 1975)).

## ANALYSIS

The relevant evidence in the Administrative Record now before the Court is:

1. The withdrawal form signed by Finley stating "Ben and I agreed I would marry him so that he could get a green card. I don't (sic) love him, and he does not love me" (Dkt. #13 at p. 710).
2. USCIS's confirmation letter of the withdrawal sent to Finley (Dkt. #13 at p. 709).
3. Unsworn declarations from Finley's brother, mother, and sister regarding the relationship between Finley and Mr. Agbodji, and discussing the deterioration of Finley's mental state (Dkt. #13 at pp. 307–08, 432–33, 440–41).
4. An affidavit from Mr. Agbodji (Dkt. #13 at pp. 448–49).
5. Various financial documents that Plaintiffs contend show the intent of Mr. Agbodji and Finley to establish a life together (Dkt. #13 at pp. 743–57).[4]

---

[4] These documents include a joint tax return, a joint bank account, a joint AT&T account, the purchase of a digital camera, and Finley's denial of a credit card application while living with Mr. Agbodji.

6

6. Finley's criminal conviction for sexual assault of a child (Dkt. #13 at pp. 87–88).
7. Finley's mental health records and diagnosis of paranoid schizophrenia (Dkt. #13 at pp. 81–82).
8. USCIS's decision denying the Agbodji I-130 Petition (Dkt. #13 at pp. 6–12).
9. The BIA decision affirming USCIS's decision (Dkt. #13 at pp. 3–5).

Though the Administrative Record is 764 pages long, it is devoid of any sworn statement from Finley stating that the marriage was fraudulent (*See* Dkt. #13). Likewise, in spite of Defendants', the BIA's, and USCIS's claims that Finley provided oral testimony under oath that the marriage was fraudulent, no document in the Administrative Record supports those claims (*See* Dkt. #13; Dkt. #21 at p. 11). And yet, Defendants still contend that substantial evidence exists to support the BIA's determination that the Finley Marriage was fraudulent (*See* Dkt. #21). The Court disagrees.

The Administrative Record does not contain any discussion of Finley's intent at the time she married Mr. Agbodji, nor does it discuss the fact that the marriage was consummated (Dkt. #13 at p. 710). The Administrative Record only consists of three documents that supports the conclusion that the Finley Marriage was fraudulent. The first is that Finley submitted the I-130 Petition and withdrew it on the same day (Dkt. #13 at p. 711). The second is Finley's written statement explaining why she withdrew the Petition (in which she stated that the purpose of the marriage was to provide Mr. Agbodji with a green card) (Dkt. #13 at p. 710). And finally, USCIS's confirmation of withdrawal (which claims to confirm the oral statements made by Finley) (Dkt. #13 at p. 709).[5]

---

[5] Defendants also note that Finley has not recanted, nor made any attempt to recant her statement on the withdrawal form (Dkt. # 21 at p. 12).

Further, in response to Plaintiffs' concerns regarding the scant record of Finley's interview and statement, the BIA relies on the "presumption of regularity" to support USCIS's conduct and decision (Dkt. #13 at p. 5). The presumption of regularity supports the official acts of public officers and requires courts to presume that they have properly discharged their official duties. *See U.S. v. Armstrong*, 517 U.S. 456, 464 (1996) (using the presumption of regularity to support prosecutorial decisions in bringing criminal charges); *see also* 73A C.J.S. *Public Administrative Law and Procedure* § 500 (2024). However, the presumption of regularity requires that administrative officers articulate the standards and principles that govern their discretionary decisions and support them with findings of fact and reasoned opinions. 2 AM. JUR. 2d *Administrative Law* § 475 (2025). In practice, the presumption of regularity allows a court to uphold an agency's action as proper when there is no evidence of impropriety. *See I.N.S. v. Miranda*, 459 U.S. 14, 18 (1982) (using the presumption of regularity to find that the Immigration and Naturalization Service did not unreasonably delay by failing to investigate a visa petition for eighteen months).

Here, the presumption of regularity establishes that USCIS conducted Finley's interview. *See id.* However, the presumption of regularity cannot place evidence into the Administrative Record where it does not exist. In its decision, the BIA does not point to anything in the Administrative Record that provides insight into the content of Finley's interview. There is nothing in the Administrative Record that discusses her behavior during the interview. Nor is there anything to explain why Finley's Statement in the withdrawal of her I-130 Petition provides substantial evidence of marriage fraud in the face of Plaintiffs' contrary evidence. In short, while the presumption of regularity supports that USCIS's conduct was proper, it does not create evidence out of thin air for the Court to evaluate. The fact that Finley's unsworn statement on the

8

Administrative Record is her only documented statement remains true regardless of the presumption of regularity.

After considering all the evidence in the Administrative Record, USCIS's decision, and the BIA's decision, the Court finds that the BIA's decision lacked substantial evidence to support the finding that the Finley Marriage was fraudulent. The Administrative Record only supports the fact that Finley made the unsworn written statement in the withdrawal form and that USCIS and the BIA used that statement to determine the existence of marriage fraud. However, neither USCIS nor the BIA provided an adequate explanation as to why Finley's unsworn statement constitutes substantial evidence. Nor do they explain why Finley's mental state was not considered to have an impact at the time of the interview, nor why evidence of the validity of the Finley Marriage did not overcome the Finley's unsworn statement. In short, Defendants' determination of marriage fraud does not rest on substantial evidence, making it arbitrary and capricious. *See Brown*, 391 F. App'x at 351–52.

The Court's decision is consistent with Fifth Circuit precedent regarding what level of evidence is sufficient to uphold a determination of marriage fraud. In *Brown v. Napolitano*, the Fifth Circuit upheld a finding of fraudulent marriage based on a lack of transaction history from a joint bank account, a lack of cohabitation starting approximately two months after the marriage, and a lack of evidence supporting an attempt to sustain the marriage once the brief cohabitation period ended. *Id.* Similarly, in *Gonzalez v. Mayorkas*, a district court upheld a finding of marriage fraud rooted in a conclusion that the immigrant was already married to another individual in Mexico at the time he married a U.S. citizen. No. 7:21-CV-417, 2025 WL 209426, at *10 (S.D. Tex. Jan. 7, 2025). In *Timilsina v. Bryson*, the district court upheld a finding of marriage fraud when the I-130

9

petitioner admitted that his marriage to his wife was never real, they had never lived together, the marriage had not been consummated, and the two had never been romantic. No. 3:22-CV-1237-D, 2023 WL 551728, at *5 (N.D. Tex. Aug. 25, 2023). In *Liu v. Lynch*, substantial evidence existed to uphold a finding of marriage fraud when USCIS found that the petitioner was married to two other woman and filed I-130 Petitions on behalf of them, that the beneficiary and petitioner prepared and filed their own I-130 Petition while they were separated, and that their joint bank account showed minimum account balances and infrequent deposits and withdrawals. 149 F. Supp. 3d 778, 788 (S.D. Tex. 2016). In sum, the Fifth Circuit requires far more to uphold a finding of marriage fraud. This case is a far cry from those.

  Turning to our sister Circuits yields the same result. *See, e.g.*, *Iyawe v. Garland*, 28 F.4th 875, 879–80 (8th Cir. 2022) (finding substantial evidence of marriage fraud on a sworn affidavit admitting to the fraud); *Sehgal v. Lynch*, 813 F.3d 1025, 1028 (7th Cir. 2016) (finding substantial evidence of marriage fraud on a sworn confession); *Eid v. Thompson*, 740 F.3d 118, 121 (3d Cir. 2014) (finding substantial evidence of marriage fraud when both spouses gave a sworn affidavit admitting to the fraud); *Atieh v. Riordan*, 797 F.3d 135, 139 (1st Cir. 2015) (finding substantial evidence of marriage fraud where an alien married his wife after removal proceedings began, entered the marriage notwithstanding a demonstrated romantic interest in another person, USCIS's investigation demonstrated little or no comingling of funds during the first marriage in the bank statements and other data, and am admission during an interview with USCIS that his parents had pressured him to marry so he could obtain a visa); *Mestanek v. Jaddou*, 93 F.4th 164, 168 (4th Cir. 2024) (finding substantial evidence of marriage fraud where the first wife admitted her marriage was fraudulent, that she was approached to marry an immigrant so he could receive a

green card, he promised to pay her $10,000, and she agreed because she was homeless and struggling financially); *Koffi v. Holder*, 487 F. App'x 658, 659 (2d Cir. 2012) (finding substantial evidence of marriage fraud when the immigrant's attorney set up the marriage and was found to be the leader of a complex marriage fraud ring).

Here, the BIA's decision relied on USCIS's decision for its affirmance. It did not provide independent analysis for why Finley's statement constituted substantial evidence of marriage fraud, nor any substantive discussion of why Plaintiffs' offered evidence was disregarded. The BIA opinion does not address why Plaintiffs' supporting documents were not reliable, yet the unsworn Finley statement constituted substantial evidence. Further, the BIA decision does not adequately explain why Finley's mental state at the time of the interview was not taken into account. Defendants and the BIA have yet to point to anything that would constitute substantial evidence to support their conclusion that the Finley Marriage was fraudulent. Moreover, Defendants and the BIA have not offered an explanation as to why or how Finley's unsworn statement raises to the level of substantial evidence when weighed against Plaintiffs' controverting evidence. Finally, both do not point to any document showing a sworn statement made by Finley evincing an intent to commit marriage fraud.

USCIS's decision is equally unhelpful. The decision relies on Finley's "oral testimony that she entered the marriage with [Mr. Agbodji] for the sole purpose of evading immigration laws" (Dkt. #13 at p. 8). Yet, nowhere in the Administrative Record is there a record of Finley's oral testimony. No documentation supports that the oral testimony, whatever it might have been, is what USCIS claims it to be. Thus, it is impossible for the Court to review these unrecorded oral

statements. Without more, the Court cannot uphold the BIA decision affirming the USCIS's denial of Plaintiffs' I-130 Petition.

Accordingly, the Court holds that BIA's decision is not grounded in substantial evidence. This holding is limited to the Administrative Record currently before the Court. On remand, if the BIA does find the Finley Marriage was fraudulent, it must specifically ground that conclusion in substantial evidence.[6] Further, it must spell out what that evidence is, rather than waving the magic wand of ipse dixit.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Summary Judgment (Dkt. #16) is hereby **GRANTED**. It is further **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. #21) is **DENIED**. The BIA decision is therefore **VACATED**, and the case is **REMANDED** for further review consistent with this Order.

**IT IS SO ORDERED.**
SIGNED this 19th day of March, 2025.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[6] The BIA decision does not discuss USCIS's finding that Plaintiffs' marriage is not a bona fide marriage. The Court declines to evaluate that matter, and the BIA may consider it on remand.