# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SHEILA MARIE AGBODJI and<br>AYIOKOE HALE EDEM AGBODJI,<br><br>*Plaintiffs*,<br><br>v.<br><br>PAMELA BONDI, United States<br>Attorney General, UNITED STATES<br>CITIZENSHIP and IMMIGRATION<br>SERVICES, and the UNITED STATES<br>OF AMERICA,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:23-cv-246<br>§ Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act (the "Motion") (Dkt. #30). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This action arises out of a United States Citizenship and Immigration Services' ("USCIS") decision to deny a Form I-130 Petition for Alien Relative. The factual and procedural background underlying this case is set out fully in the Court's March 19, 2025 Memorandum Opinion and Order granting Plaintiffs' Motion for Summary Judgment and denying Defendants' Cross Motion for Summary Judgment, which the Court incorporates into this Order by reference (Dkt. #28). That same day, the Court entered its Final Judgment (Dkt. #29) ordering the Board of Immigration Appeals' ("BIA") decision be vacated and remanded for further review consistent with the Court's March 19, 2025 Memorandum Opinion and Order (Dkt. #28).

On June 17, 2025, Plaintiffs Sheila Marie Agbodji ("Mrs. Agbodji") and Ayikoe Hale Edem Agbodji ("Mr. Agbodji") (collectively, "Plaintiffs") filed their Motion seeking an award of their attorney's fees in the amount of $48,435.00 (Dkt. #30 at p. 9). Defendants oppose the Motion (Dkt. #33). The Motion is ripe for adjudication.

## LEGAL STANDARD

Generally, litigants are responsible for their own attorney's fees. *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019). The Equal Access to Justice Act ("EAJA"), however, provides a limited exception, stating in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The "position of the United States" encompasses both "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). To determine whether the government's position was substantially justified, "the government bears the burden in demonstrating that its position was 'justified to a degree that could satisfy a reasonable person.'" *Nkenglefac v. Garland*, 64 F.4th 251, 253 (5th Cir. 2023) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Fifth Circuit has cautioned that as "a partial waiver of sovereign immunity," the EAJA is "strictly construed in favor of the United States." *Barr*, 926 F.3d at 208 (quoting *Ardestani v. INS*, 502 U.S. 129, 137 (1991).

Nevertheless, the government bears "the burden of showing that its position in every stage of the proceedings . . . had a reasonable basis both in law and fact." *Id.* at 208 (quoting *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988)). "The mere fact that the government lost—even if the reviewing court held it acted unreasonably or arbitrary and capriciously—does not alone demonstrate that its position was not substantially justified." *Id.* at 208 (quoting *Sylejmani v. Barr*, 768 Fed. App'x 212, 218 (5th Cir. 2019) (per curiam) (unpublished)).

## ANALYSIS

As a threshold matter, Defendants do not contest Plaintiffs' certification that their net worths do not exceed the statutory cap to be a party under the EAJA. 28 U.S.C. § 2412(d)(2)(B). Next, as outlined above, "a party is entitled to recover attorney's fees under the EAJA if four requirements are met: (1) it is the prevailing party; (2) it files a timely fee application; (3) the position of the government was not substantially justified and (4) no special circumstances make an award unjust." *Squires-Allman v. Callahan*, 117 F.3d 918, 920 (5th Cir. 1997) (citing 28 U.S.C. § 2412(d)) (citation modified). Here, Defendants concede Plaintiffs are the prevailing parties in the matter and that their Motion seeking attorney fees is timely (Dkt. #33 at p. 1). Further, Defendants do not allege any special circumstances make an award unjust. Thus, the only issue before the Court is whether the position of the Government was substantially justified.

Defendants do not contest that this lawsuit implicates a position of the United States because the underlying decision reviewed by the Court was that of the BIA—an agency action. 28 U.S.C. § 2412(d)(2)(D). Defendants do, however, take issue with Plaintiffs' assertion that the government's position was not substantially justified (Dkt. #33 at p. 1).

3

Again, the government's position can be substantially justified if it had a reasonable basis both in law and fact. *Barr*, 926 F.3d at 208. Plaintiffs argue that the government position was erroneous in fact and contrary to law (Dkt. #30 at pp. 5, 7). Specifically, Plaintiffs argue the immigration decision was based on nonexistent evidence, and the decision failed to follow the legal framework established in *Matter of Laureano*, 19 I. & N. Dec. 1, 2 (BIA 1983) when determining the validity of the marriage (Dkt. #30 at pp. 5–8). The Court agrees.

First, in its March 19, 2025 Memorandum Opinion and Order, the Court found that despite Defendants, the BIA, and USCIS's claims that Mr. Agbodji's prior wife, Carmeal Finley ("Ms. Finley"), provided oral testimony under oath that their previous marriage was fraudulent, there was no document in the Administrative Record that supported this claim (Dkt. #28 at p. 7). Second, in that same order, the Court also agreed that *Laureano* mandates consideration of financial documentation and testimonial evidence when determining marriage validity; the government possessed both but addressed neither in its decision (Dkt. #28 at pp. 6, 9).

In their response to the Motion, Defendants seemingly rely on the fact that this was the second time that the case had gone before the BIA as a justification for why it did not consider the bona fides of the current marriage, even though that was one of the two grounds on which the USCIS denied the petition (Dkt. #33 at p. 11). They also argue that the fact that Ms. Finley was later diagnosed with paranoid schizophrenia does not mean she could not know whether her marriage to Mr. Agbodji was genuine or fraudulent or that she was not telling the truth at the time she made her unsworn written statement in the withdrawal form (Dkt. #33 at p. 11). But, again, there is no legal or factual basis explaining why neither the USCIS nor the BIA acknowledged Mr. Finley's diagnosis of paranoid schizophrenia, despite its obvious relevance to the reliability of her

4

unsworn statement. Accordingly, the Court finds that the government's position was not substantially justified at each stage of this litigation, making Plaintiffs entitled to their attorney's fees under the EAJA.

Having determined that Plaintiffs are entitled to their attorney's fees, the Court's next task is to determine the amount of fees Plaintiffs should recover. Here, Plaintiffs request an award of $48,435.00 in fees, comprised of a fee rate of $259.08 and 186.95 hours of billed time (Dkt. #30 at p. 9). This request is supported by the billing records attached to Plaintiffs' Motion and by the Affidavit of Roy Petty (the "Petty Affidavit"), Plaintiffs' attorney (Dkt. #30-3).

The EAJA provides that an attorney's rate shall not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In the Petty Affidavit, Plaintiffs' counsel requests a cost-of-living adjustment and directs the Court to the March 2025 Consumer Price Index for all Urban Consumers in the Dallas-Fort Worth-Arlington region (the regional "CPI"), the month in which the Court issued its Final Judgment (Dkt. #30-3 at ¶ 11; Dkt. #29). Based on the Plaintiffs' calculation, the CPI-adjusted hourly rate is $259.08 (Dkt. #30-3 at ¶ 11). The Petty Affidavit further states counsel has spent "more hours on this case than on similar cases due to the size of the administrative record, the volume of documents provided by Defendants through the Freedom of Information Act ("FOIA"), and the nature of the government's findings and allegations regarding the administrative record" (Dkt. #30-3 at ¶ 14). Counsel also testifies he has "personally exercised billing discretion with respect to all the timekeeping logs in this case," and he has "not billed or charged for any time spent by any other attorney, administrative staff, or secretarial staff"

5

(Dkt. #30-3 at ¶ 8). Lastly, the case required Plaintiffs to respond to two dispositive motions, on which they prevailed (Dkt. #30-3 at ¶ 19). For these reasons, Plaintiffs' counsel argues the fees billed and sought were necessary and reasonable (Dkt. #30-3 at ¶ 20).

In contrast, Defendants argue the fees sought are excessive and unreasonable (Dkt. #33 at pp. 11–14). Defendants only contest the hourly rate requested but not the number of hours billed. Specifically, Defendant argues Plaintiffs' counsel improperly used the March 2025 Consumer Price Index adjustment, instead of using the annual 2023 CPI considering the services rendered for this matter were in 2023 (Dkt. #33 at p. 12). This assertion is supported by the billing records attached to the Petty Affidavit which show that all but 1.25 hours of the 186.95 hours billed were billed in 2023 (Dkt. #30-3 at pp. 5–8). Thus, as the Fifth Circuit has stated, the EAJA hourly rate, when adjusted for cost-of-living, should be calculated based on the CPI for the year 2023. *See Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992) (holding cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered).

According to the U.S. Bureau of Labor Statistics, the annual CPI for All Urban Consumers in the Dallas-Fort Worth-Arlington, TX region was 287.974 in 2023, 299.324 in 2024, and 303.270 in 2025.[1] Based on the Court's calculation, the CPI-adjusted hourly rate is $241.91 for 2023, $251.45 for 2024, and $254.76 for 2025.[2] Considering these hourly rates and given the importance of precision in granting attorneys' fees, the Court calculates the amount requested below:

---

[1] U.S. Bureau of Labor Statistics, *Consumer Price Index for All Urban Consumers (CPI-U): Dallas-Fort Worth-Arlington, TX*, 1996–2025 (Jan 13, 2026), https://data.bls.gov/pdq/SurveyOutputServlet?data_tool=dropmap&series_id=CUURS37ASA0,CUUSS37ASA0.

[2] The CPI-adjusted rate equals the 1996 Statutory Rate of $125 divided by the 1996 regional CPI of 148.8. That figure is then multiplied by the regional CPI for the relevant year. For 2023, this calculation would be ($125/148.8) * 287.974 = $241.91.

| Year | Hours | Hourly Rate | Total |
|---|---|---|---|
| 2023 | 185.7 | $241.91 | $44,922.69 |
| 2024 | 0.1 | $251.45 | $25.15 |
| 2025 | 1.15 | $254.76 | $292.97 |
| | | Total: | $45,240.81 |

(Dkt. #30-3).

The Court finds that the requested fee of $45,240.81 is reasonable based on counsel's experience and the type of case litigated.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act (the "Motion") (Dkt. #30) is hereby **GRANTED**.

Plaintiffs are hereby awarded their attorney's fees in the amount of **$45,240.81**.

**IT IS SO ORDERED.**

SIGNED this 13th day of January, 2026.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

7